MILLER & THOMPSON'S LAND & LOAN CO., Appellant, v. MEYER, et al, Respondents.

(253 N. W. 158.)

(File No. 7641.   Opinion filed March 6, 1934.)

*Irving R. Crawford,* of Huron, for Appellant.

*D. A. Crawford* and *Warren & Eggen,* all of DeSmet, for Respondents.

PER CURIAM.   Plaintiff, an Iowa corporation, owned a real estate mortgage executed by Walter S. Andrews and Esther C. Andrews, his wife, upon a quarter section of land in Kingsbury county, S. D., in the principal sum of $10,000.   In 1927 Walter S. Andrews conveyed his interest in the land to his wife, Esther C. He shortly thereafter died, and his widow removed to Frederic, Wis.   In 1931 plaintiff foreclosed this real estate mortgage by advertisement and became the purchaser at the foreclosure sale, bidding for the premises about 50 per cent of the amount due on the mortgage.

Promptly thereafter plaintiff instituted an action against Esther C. Andrews for a deficiency judgment, securing jurisdiction by levying an attachment upon the interest of Esther C. Andrews in certain real property, consisting of four town lots with the struc-

tures thereon in the city of DeSmet in Kingsbury county, S. D. Esther C. Andrews made no resistance to or appearance in said action, and in November, 1931, plaintiff secured a default deficiency judgment based on the attachment in the amount of $5,099.99. The next day plaintiff secured the issuance of an execution, and caused the sheriff of Kingsbury county to levy the same upon the realty previously attached and give notice of sale thereof.

The execution sale was set for January 9, 1932, on which day one of plaintiff's attorneys appeared in behalf of plaintiff at the sale and, to some extent at least, superintended and directed the sheriff in the conduct thereof. The first lot offered for sale was struck off to plaintiff, pursuant to the attorney's bid, at the price of $4,500. The second lot was similarly struck off to plaintiff at the price of $500. The remaining two lots were offered together, and plaintiff, by its attorney, bid $112 therefor (being approximately the amount remaining due upon its deficiency judgment with costs), which bid was raised to $115 by one Meyer, and the property struck off and sold to him, plaintiff not seeing fit to raise its bid.

Subsequently plaintiff discovered that the interest of Esther C. Andrews in the lot for which plaintiff bid $4,500 was incumbered by a $5,000 mortgage of record, the equity of Esther C. Andrews therein being practically worthless, and that the lots which were sold to Meyer for $115, after plaintiff ceased bidding thereon in the belief that it had already satisfied its deficiency judgment, were worth approximately $3,000. Thereupon plaintiff instituted the present action in the circuit court of Kingsbury county, S. D., against Esther C. Andrews, the sheriff of Kingsbury county, and the purchaser, Meyer, asking for the cancellation of the execution sale and for a judgment directing the readvertisement and resale of the property by the sheriff, tendering into court for benefit of the defendant Meyer the $115 bid and paid by him.

Upon joinder of issues (defendants answering separately and praying that the sale be confirmed as made and that plaintiff take nothing), the matter was tried to the court and findings, conclusions, and judgment were in favor of the defendants upon all the issues, from which judgment and from a denial of its application for new trial plaintiff has appealed.

■■ We have examined the record with care. We are satisfied that none of the defendants failed in any legal duty owing plaintiff, and that plaintiff is chargeable at the time of the sale with constructive notice of all material facts which it subsequently discovered, and by the exercise of ordinary prudence and diligence would have had actual notice of those facts. Neither is it proved herein that any of the defendants took knowing and unconscionable advantage of plaintiff's apparent ignorance of existent facts. Plaintiff's attorney at the sale gave every evidence of knowing exactly what he wanted to do in plaintiff's behalf and doing it. Plaintiff is a business corporation, and its interests were represented throughout by able and experienced counsel. Conceding the broad powers of an equity court to relieve in proper case from the consequences of mistake, inadvertence, or excusable neglect, we are satisfied that plaintiff has made no case here upon which we should say it was error or abuse of discretion to refuse such relief.

We are therefore of the opinion that the judgment and order appealed from should be affirmed.

All the Judges concur, excepting WARREN, J., not sitting.